# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1741 | DATE | March 26, 2001 |
| CASE TITLE | *Charles v. Mid-City Lumber* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Mid-City's motion to dismiss [14-1] is denied. Discovery shall proceed forthwith. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 2 7 2001 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | |
| RTS | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

HELEN CHARLES,
    Plaintiff,

v.      00 C 1741

MID-CITY LUMBER & SUPPLY CO., INC.
    Defendant.

DOCKETED MAR 27 2001

## MEMORANDUM AND ORDER

Plaintiff Helen Charles hired defendant Mid-City Lumber to replace the roof, gutters, and downspouts on her home and entered into a financing arrangement with Mid-City to pay for this work, which was estimated to cost approximately $6,500. According to Ms. Charles, Mid-City's renovation efforts resulted in a leaky roof, a collapsed porch, and an electrical fire. Frustrated with her financing and the fruits of her failed fix-up, she filed suit against Mid-City alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* and Regulation Z, 12 C.F.R. § 226, as well as a number of state law claims.

Mid-City seeks dismissal of the federal claims under Fed. R. Civ. P. 12(b)(6), asserting that the complaint does not adequately allege that it is a "creditor" under TILA. It also asks the court to decline to exercise supplemental jurisdiction over the state law claims. For the following reasons, the motion to dismiss is denied.

## I. Background

For the purposes of the motion to dismiss, the court accepts the facts alleged in Ms. Charles' complaint as true. In Fall of 1999, Ms. Charles entered into a contract with Mid-City under which Mid-City promised to install a new roof, gutters, and downspouts on Ms. Charles'



home. Ms. Charles also signed a document entitled "truth-in-lending disclosure (for section 32 mortgages)," a retail installment contract, and a notice of right to cancel. *See* Amended Complaint, Exhibits. A, B, and C. According to Ms. Charles, "[i]n the ordinary course of business, defendant regularly extends consumer credit for which a finance charge is imposed . . . ." Amended Complaint at ¶ 5.

The TILA disclosure signed by Ms. Charles and Mid-City identifies Mid-City as the "LENDER (CREDITOR) ('Lender,' 'us' or 'our')." Amended Complaint, Exhibit A. In addition, the retail installment contract between the parties identifies Ms. Charles as the buyer and Mid-City as the seller, and provides that:

> The seller hereby sells and the buyer . . . hereby purchases . . . the following described goods and services . . . . Buyer promises to pay to the order of the Seller of the office of [handwritten] Levco Financial Services (Assignees) located in [handwritten] Skokie, Illinois, the Amount Financed shown above together with a Finance Charge on the principal balance of the Amount Financed from time to time at the rate of [handwritten] 15% per annum from date until maturity in [handwritten] 59 Monthly installments of [handwritten] $153.31 each . . . . beginning [handwritten] 30 days after completion date . . . .

Amended Complaint, Exhibit B.

In addition, the notice of right to cancel signed by the parties directs Ms. Charles to contact Mid-City if she elects to cancel the loan. Amended Complaint at Ex. C. The notice of right to cancel also reminds Ms. Charles that Mid-City has a security interest in her property.

## II. Discussion

### A. Standard on 12(b)(6) Motion to Dismiss

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992); *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir. 1991), citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The court will accept all well-pled factual allegations in the complaint as true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n.2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. *Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

### B. Does the Complaint Sufficiently Allege that Mid-City is a Creditor?

Mid-City asserts that Ms. Charles has failed to allege facts which show that it is a creditor under TILA, claiming that her complaint is devoid of any facts demonstrating that it regularly extends credit or that the initial payments on her loan were payable to Mid-City. In response, Ms. Charles contends that, under a notice-pleading standard, her complaint is sufficient, and that the

documents she signed regarding the remodeling and financing (all of which are attached to the complaint) show that Mid-City is indeed a creditor.

Under TILA, a creditor is "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(f).

In turn, Regulation Z, which contains the implementing regulations for TILA, defines a creditor as "[a] person (A) who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than 4 monthly installments (not including a downpayment), and (B) to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract." 12 C.F.R. § 226.1(a)(17)(i). The phrase "regularly extends consumer credit" in this regulation means a person who extends credit more than five times in transactions secured by a dwelling withing the previous calendar year. 12 C.R.F. § 226.2(a)(17)(i) n.3.

In determining whether a party is a "creditor" under TILA for purposes of a motion to dismiss, the court must consider whether the complaint contains allegations directed at TILA's two prong definition of creditor. *DeLeon v. Beneficial Construction Co.*, 55 F. Spp. 2d 819, 828-29 (N.D. Ill. 1999). It may also consider whether the defendant presented itself as a creditor, whether the papers memorializing the parties' transaction identified the defendant as the creditor,

whether the defendant required the debtor to pay a financing fee to enter into the transaction, and whether the defendant took a security interest in the property at issue. *Id.* at 829.

The court need not belabor the issue of whether Ms. Charles' complaint sufficiently alleges that Mid-City is a creditor. Mid-City quibbles with the inferences that could conceivably be drawn from the documents memorializing the parties' transaction. However, a motion to dismiss is before the court. Thus, we must construe Ms. Charles' complaint liberally and view the allegations in the light most favorable to her. *See, e.g., Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d at 688.

The complaint's allegations allow the court to easily infer that Ms. Charles is a consumer. Moreover, under a notice pleading standard, Ms. Charles is not required to state how many times Mid-City extended credit. Consistent with the complaint's allegations (which were made subject to Rule 11), Mid-City could have extended credit five or more times in the year preceding Ms. Charles' project and financing. In addition, the court declines to resolve fact questions regarding the role of Levco Financial Services in the transaction at the motion to dismiss stage. On a similar note, it declines to find that Mid-City is not a creditor since Ms. Charles was directed to submit payments to Levco Financial as the loan documents state that Levco Financial was Mid-City's assignee. *See* Amended Complaint, Exhibit B.

In short, the court will not resolve fact disputes at the motion to dismiss stage. Under the liberal notice pleading standards applicable to proceedings in federal court, Ms. Charles' complaint sufficiently states that Mid-City is a creditor under TILA. And because the state claims derive from the same nucleus of operative facts as the TILA claim – the allegedly sub-par repair

work on Ms. Charles' home – supplemental jurisdiction over Ms. Charles' state law claims is proper. *See* 28 U.S.C. § 1367. Accordingly, the motion to dismiss is denied.

**III. Conclusion**

For the foregoing reasons, Mid-City's motion to dismiss [14-1] is denied. Discovery shall proceed forthwith.

DATE: 3/26/01

Blanche M. Manning
United States District Court Judge

00cv1741.md

- 6 -